**JUDGE SWEET**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL DELLAVERDE, STEPHEN HAYEK, ISMAEL MARTINEZ, and KEVIN T. GILBERT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CHINA GRILL MANAGEMENT, INC.,<br><br>Defendant. | Civil Action No. 12 CV 3973<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMAND**<br><br>RECEIVED MAY 16 2012 U.S.D.C. S.D.N.Y. CASHIERS |

Plaintiffs Michael Dellaverde, Stephen Hayek, Ismael Martinez and Kevin T. Gilbert ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, The Ottinger Firm, P.C., allege, upon personal knowledge and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and Representative Plaintiffs Michael Dellaverde, Stephen Hayek, Ismael Martinez and Kevin T. Gilbert and all putative plaintiffs (collectively "Plaintiffs"), on their own behalf and on behalf of the proposed class identified below. Plaintiffs and the putative class members were or are employed by Defendant China Grill Management, Inc. ("China Grill") in its United States restaurants as Sous Chefs and were denied overtime compensation as required by federal and state wage and hour laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

1

2. The Collective Class is made of all persons who are or have been employed by Defendant at any time within the United States within three years prior to this action's filing date through the date of the final disposition of this action (the "Collective Class Period") and who were subject to Defendant's unlawful practice of failing to pay overtime premiums for all hours worked over 40 in a given workweek.

3. The Class is made up of all persons who are or have been employed by Defendant as Sous Chefs within the State of New York within the period of six years prior to the filing date of this Complaint ("the Class Period") and who were subject to Defendant's unlawful practice of failing to pay overtime premiums for all hours worked over 40 in a given workweek.

4. During the Collective Class Period and the Class Period, Defendant unlawfully failed to pay overtime premiums for all hours worked over 40 in a given workweek. Plaintiffs seek relief for the Class pursuant to the applicable provisions of the New York Labor Law ("NYLL") and Collective Class under the Fair Labor Standards Act ("FLSA"), to remedy the Defendant's failure to pay all wages due, in addition to injunctive relief.

## PARTIES

5. Individual and representative Plaintiff Michael Dellaverde is a CGM Executive Sous Chef residing in New York, New York. He has been employed by Defendant as an Executive Sous Chef in its Manhattan China Grill restaurant since 2006.

6. Individual and representative Plaintiff Stephen Hayek is a CGM Sous Chef residing in South Orange, New Jersey. He has been employed by Defendant as a Sous Chef in various New York City CGM restaurants, including Ed's Chowder House, Empire Hotel Rooftop, and China Grill, since September 2008.

7. Individual and representative Plaintiff Ismael Martinez is a CGM Sous Chef residing in New York, New York. He has been employed by Defendant as a Sous Chef in its Manhattan China Grill restaurant since 2007.

8. Individual and representative Plaintiff Kevin T. Gilbert is a former CGM Sous Chef residing in Hackensack, New Jersey. He was employed by Defendant as a Sous Chef in various New York City GGM restaurants, including China Grill and Ed's Chowder House, between 2009 and 2011.

9. Defendant China Grill Management is a restaurant group that owns and operates more than 25 restaurants worldwide. CGM's US restaurants include: Asia de Cuba (Miami and Los Angeles); Chia Grill (New York, Chicago, Ft. Lauderdale, Miami, Las Vegas); Red Square (Atlantic City, Las Vegas); MIX: at THEhotel in Las Vegas; Red White and Blue: at Mandalay Bay in Las Vegas; Bar Basque: at the Eventi Hotel in New York City; CarteBlanche Café & Bar: at Gansevoort Meatpacking in New York City; Ed's Chowder House: at The Empire Hotel; East Coast Seafood cuisine in New York City; Plunge Rooftop Bar + Lounge: at Gansevoort Meatpacking in New York City; and Eventi: A Kimton Hotel in New York City. All of the CGM restaurants are commonly operated and managed pursuant to common policies and practices, including common employee compensation and FLSA classification policies applicable to all restaurants.

10. Defendant's average annual revenue is between $50 million and $100 million.

11. Defendant is a domestic corporation doing business in New York. Defendant is incorporated in Florida with corporate headquarters in Miami, Florida.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332.

13. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 207 *et seq*.

14. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

15. Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Plaintiffs' claims occurred in this District.

16. Defendant is subject to personal jurisdiction in New York.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring FSLA claims on behalf of themselves and other employees similarly situated as authorized under 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class:** All Sous Chefs who are or have been employed by Defendant as Sous Chefs with Defendant in its US restaurants at any point during the Collective Class Period and who earned and were not paid lawful overtime premiums under the FLSA.

18. Defendant employed Plaintiffs during the Collective Class Period.

19. On information and belief, Defendant has employed more than 100 other Sous Chefs during the collective class period in its U.S. based restaurants.

4

20. All Sous Chefs (including so-called "Executive Sous Chefs") are classified by the Defendant as exempt under the FLSA according to common policy applicable to all collective class members.

21. All of the Defendant's Sous Chefs perform duties typical of "line" preparation chefs and are primarily responsible for ensuring all food is prepared to corporate specifications in presentation and recipe, initiating periodic quality checks for all products, ordering all food products to par levels and adjusts food product par levels as needed, ensuring restaurant and Health Department sanitation requirements are maintained at all times, all kitchen equipment and working conditions are well maintained, and kitchen cleanliness, and maintaining and conducting accurate inventories, extension and menu items price verification

22. At all times during the Collective Class Period, Defendant authorized a misclassification of all of its Sous Chefs, including Plaintiffs, as FLSA exempt and has, as a matter of policy, not paid them overtime premiums for hours worked in excess of 40 hours in a work week.

23. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

24. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendant who were subject to the aforementioned policy in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to the Defendant and are readily identifiable through Defendant's records.

## CLASS ALLEGATIONS

25.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**Proposed Class:** All Sous Chefs who are or have been employed by Defendant as Sous Chefs with Defendant in its NY restaurants at any point during the Class Period and who earned and were not paid lawful overtime premiums under the NYLL.

26.     At all times during the Class Period, Defendant authorized a misclassification of all of its Sous Chefs, including Plaintiffs, as FLSA exempt and has, as a matter of policy, not paid them overtime premiums for hours worked in excess of 40 hours.

27.     Numerosity:   The Proposed Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendant employed over 40 people who satisfy the definition of the Proposed Class.

28.     Typicality:   The Plaintiffs' claims are typical of the members of the Proposed Class.  Plaintiffs are informed and believe that, like other Sous Chefs, the putative plaintiffs were subject to the aforementioned unlawful policies during the Class Period.  Plaintiffs had the same duties and responsibilities as other Class members.  All Plaintiffs were subject to Defendant's policy and practice of unlawfully classifying Sous Chefs as exempt from the FLSA.

29.     Superiority:   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30.     Adequacy:   Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and have retained counsel experienced in complex FLSA and NYLL class and collective action litigation.

31.  <u>Commonality</u>: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

  i. Whether Defendant improperly classified the Proposed Class of Sous Chefs as exempt under the NYLL;

  ii. Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the Proposed Class in violation of NYLL;

  iii. Whether Defendant employed Plaintiffs and the Proposed Class within the meaning of New York law;

  iv. The proper measure of damages sustained by the Proposed Class; and

  v. Whether Defendant's actions were "willful."

32.  The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

33.  Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Proposed Class the wages to which they are entitled. The damages suffered by the individual Proposed Class members are small

compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

34. Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and addresses of the Proposed Class are available from Defendant.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Unlawful Failure to Pay Overtime Compensation under the Fair Labor Standards Act)**

35. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

36. Plaintiffs' consent in writing to be a part of this action, pursuant to 20 U.S.C. § 216(b). Plaintiffs' written consent forms are attached hereto. Also attached are the written consent forms of additional similarly-situated individuals who are interested in joining this case as opt-in plaintiffs. Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as Plaintiffs.

37. At all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendant has employed and continues to employ employees, including Plaintiffs and the Collective Class members. At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.00.

38. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

39. During their employment with Defendant, within the applicable statute of limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per workweek without overtime compensation. Despite the hours worked by Plaintiffs and the Collective Class members, Defendant willfully, in bad faith, and in knowing violation of the Federal Fair labor Standards Act, failed and refused to pay them overtime compensation.

40. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 20 U.S.C. § 201, *et seq.*

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

42. Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b

## AS AND FOR A SECOND CAUSE OF ACTION
**(New York Labor Law: Unpaid Overtime Wages)**

43. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

44. At all relevant times, Plaintiffs were "employees" and Defendant has been their "employer" within the meaning of the New York Labor Law.

45. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant.

46. Defendant has failed to pay Plaintiffs and the Rule 23 Class the overtime wages to which they were entitled under the New York Labor Law.

47. By Defendant's failure to pay Plaintiffs and the Rule 23 Class Members premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

48. Due to Defendant's violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Proposed Class, pray for relief as follows:

A. That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B. That Defendant is found to have violated the provisions of the New York Labor Law as to Plaintiffs and the Class;

C. That Defendant is found to have violated the Federal Fair Labor Standards Act as to Plaintiffs and the Class;

D. That Defendant's violations as described above are found to be willful;

E. An award to Plaintiffs and the Class for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

F. That Defendant further be enjoined to cease and desist from unlawful activities in violation of the FLSA and NYLL;

G.       An award of reasonable attorney's fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and

H.       For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: May 17, 2012
      New York, New York

Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

By: _____
     Christopher Q. Davis

19 Fulton Street, Suite 408
New York, New York 10038
Telephone: (212) 571-2000
chris@ottingerlaw.com

*ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASSES*

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against China Grill Management and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Ottinger Firm, P.C. to represent me in the suit.

_____
Signature

_Michael Vallaverde_____
Print name

_Brooklyn, NY 11238_____
City, State, and Zip Code

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against China Grill Management and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Ottinger Firm, P.C. to represent me in the suit.

_Ismael Martinez_
Signature

_Ismael Martinez_
Print name

_N.Y. Queen. 11372_
City, State, and Zip Code

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against China Grill Management and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Ottinger Firm, P.C. to represent me in the suit.

_____
Signature

Stephen Hayric
Print name

South Orange NJ, 07079
City, State, and Zip Code

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against CHINA GRILL MANAGEMENT and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Ottinger Firm, P.C. to represent me in the suit.

_____
Signature

Levin T. Gilbert
_____
Print name

Hackensack N.J. 07601
_____
City, State, and Zip Code